## Case No. 12,359.

SARGEANT et al. v. FIRST NAT. BANK.

[7 Reporter. 231;[1] 6 Wkly. Notes Cas. 370; 26 Pittsb. Leg. J. 191.]

Circuit Court, E. D. Pennsylvania. Jan. 25, 1879.

PRACTICE IN EQUITY—DISMISSAL FOR WANT OF PROSECUTION.

1. Where a plaintiff has not taken testimony in support of his bill within the three months after issue formed, as allowed by rule 69, the court will not on that account dismiss the bill for want of prosecution.

2. That the plaintiff in such case will merely be deprived of the testimony with which diligence would have supplied him, he will forfeit no other right.

Motion to dismiss bill for want of prosecution. In this case after the bill had been filed, an answer was put in, and on October 3, 1878, a replication. No testimony had been taken prior to the filing of the motion to dismiss.

G. T. Bispham, for the motion. Equity rule 69, Sup. Ct. Rules (Ed. 1866), allows "three months and no more" for taking of testimony after the cause is at issue, unless the time is enlarged on cause shown. Here more than that time has elapsed. The plaintiffs should be forced to go on, or their bill be dismissed.

A. Sydney Biddle, contra. The rule gives no power to the court to dismiss a bill.

McKENNAN, Circuit Judge. The court has no power to make the order asked for. The rule which is binding upon this court provides that no more time than three months shall be allowed for taking testimony without a spe-

[1] [Reprinted from 7 Reporter, 231, by permission.]

cial order. But suppose the testimony had been taken, the case must take the usual course and wait for its turn on the regular argument list. All that the rule requires is that the evidence shall be in within a fixed time, if not it is at the complainant's peril, but he is then only deprived of the testimony which diligence would have supplied him with and loses none of his other rights. Motion denied.